UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
                                 **Plaintiff,**             :
                                           :         **06 Cr. 135 (HB)**
      - against -                        :
                                           :         **MEMORANDUM**
                                           :         **OPINION & ORDER**
RONALD GOLDBERG,                           :
                                           :
                                 **Defendant.**             :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

        Defendant Ronald Goldberg ("Defendant") has filed a Motion to Reconsider, or alternatively, a petition for habeas corpus under 28 U.S.C. § 2255, to attempt to reduce his April 19, 2006 sentence of 27 months for violation of supervised release.

        For the reasons set forth below, Defendant's Motion to Reconsider his sentence is DENIED. Additionally, this Court declines to accept Defendant's petition for habeas corpus under 28 U.S.C. § 2255, without prejudice to renew once Defendant's appeal of this case is complete.[1]

        **I.    BACKGROUND**

        On August 7, 1996, Defendant was sentenced in the Middle District of Pennsylvania to 30 months' imprisonment and 3 years supervised release, consecutive to the sentence Defendant was already serving for separate federal crimes. United States v. Goldberg, No. 4CR: 94-039, (M.D.Pa. Aug. 7, 1996). On August 30, 2002, Defendant was released from federal custody to serve his 3 years' supervised release under the supervision of the United States Probation Office of the District of New Jersey.

        On August 3, 2004, Defendant pled guilty in this case before the Honorable Anne Thompson of the District of New Jersey to one count of violating his supervised release. Judge Thompson issued an Order transferring jurisdiction of this case to me. I accepted

---

[1] The Court wishes to thank Joshua Gold of Brooklyn Law School for his assistance in researching and preparing this Opinion.

jurisdiction on August 11, 2005. On April 19, 2006, I sentenced Defendant to 27 months' imprisonment.

On June 7, 2006, Defendant *pro se* submitted a Motion for Reconsideration of his sentence pursuant to Fed. R. Crim. P. 35 and 36, or alternatively, a *habeas corpus* motion under 28 U.S.C. § 2255 to withdraw his guilty plea. In this motion, and in several letters to this Court over the next several months, Defendant raised arguments of 1) ineffective assistance of counsel and 2) a coerced guilty plea in the separate case of No. 03-cr-1043, before this Court. Essentially, Defendant alleges that on January 13, 2004, when he pled guilty before this Court to wire fraud in case No. 03-cr-1043, the Government had promised him that his eventual sentence for violation of supervised release in this case (No. 06-cr-135) would run concurrently with his sentence for wire fraud in No. 03-cr-1043. Defendant argues either that 1) his prior counsel's failure to inform him that no such deal existed constituted ineffective assistance of counsel, or alternatively, that 2) because the Government allegedly promised him a concurrent sentence, and subsequently broke that promise, his guilty plea was coerced and thus involuntary, and he should be permitted to withdraw it.

On May 2, 2006, Defendant filed a Notice of Appeal in this case to the Second Circuit Court of Appeals. This case remains on appeal before that Court (No. 06-2793).

II. DISCUSSION

    A. Motion for Reconsideration

Defendant's appeal of this case does not appear to affect this Court's jurisdiction over his motion to reconsider his sentence, at least pursuant to Fed. R. Crim. P. 35(a). See Fed. R. App. P. 4(b)(5).[2]

Nevertheless, Defendant is procedurally barred at this stage from moving for a reconsideration of his sentence. "[A] court may not resentence a defendant unless expressly mandated by [the appellate] court, or pursuant to the strict conditions

---

[2] Fed. R. App. P. 4(b)(5) reads in full: "The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion. The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction."

established by Fed. R. Crim. P. 35 or 36." United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005).

Defendant does not meet any of the strict conditions established by Fed. R. Crim. P. 35(a), or, for that matter, Fed. R. Crim. P. 35(b) or Fed. R. Crim. P. 36.  Defendant has missed his deadline to ask to correct a "clear clerical error" within 7 days under Fed. R. Crim. P. 35(a).  Defendant does not qualify for resentencing under Fed. R. Crim. P. 35(b).  The Government here is not requesting resentencing based on substantial assistance. Defendant also cannot request to correct a clerical error under Fed. R. Crim. P. 36.  See Spallone, 399 F.3d at 421; see also Vasquez v. United States, 1999 U.S. Dist. LEXIS 11402, at *15 n.5 (S.D.N.Y. 1999).

Defendant's motion for reconsideration of his sentence is denied.

### B.  § 2255 Petition

It is well-settled that absent exceptional circumstances, a prisoner is not allowed to bring a § 2255 petition while his direct appeal is pending, since disposition of the appeal may render the § 2255 petition unnecessary.  See Nwoko v. United States, 1995 WL 170104 (E.D.N.Y. 1995) (dismissing § 2255 petition because appeal of underlying charges divested district court of jurisdiction); Phillips v. United States, 1993 U.S. Dist. LEXIS 6318 (N.D.N.Y. 1993) (same); Roccisano v. Menifee, 2001 U.S. Dist. LEXIS 24719, at *10-15 (S.D.N.Y. 2001) (collecting cases describing "exceptional circumstances"); see also Wright & Miller, Federal Practice and Procedure § 597. Defendant provides no exceptional circumstances here that would warrant an exception from this rule.

This Court declines to accept Defendant's § 2255 petition at this time, without prejudice to Defendant to renew once the Circuit Court disposes of his appeal and returns jurisdiction to this Court.

### III.    CONCLUSION AND ORDER

Defendant's Motion to Reconsider his sentence is DENIED.  Additionally, this Court declines to accept Defendant's petition for habeas corpus under 28 U.S.C. § 2255, without prejudice to Defendant to renew once Defendant's appeal of this case is complete.

The Clerk of the Court is instructed to close this motion and remove it from my docket.

**SO ORDERED:**

New York, New York
January 4, 2007

_____
**HAROLD BAER, JR.**
**United States District Judge**

4